# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RICHARD J. HERBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:16-cv-00310-PPS-SLC** |
| | ) | |
| **FORT WAYNE CITY COUNCIL,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

On August 25, 2016, pro se Plaintiff Richard J. Herber filed a motion in this case advancing violations of the Fair Housing Act, asking that the Court appoint an attorney to represent him. (DE 3). Because Herber is competent to litigate this case himself at this stage of the proceedings, his motion will be DENIED.

### A. Legal Standard

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). In that same vein, the Fair Housing Act provides that the Court "may" appoint counsel for a person alleging a discriminatory housing practice. 42 U.S.C. § 3613(b)(1); *see Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997) (finding that most courts applying the appointment of counsel provision in the Fair Housing Act analogize it to Title VII's appointment of counsel provision); *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, No. 14-00254 HG-BMK,

2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (looking to the standard for appointment of

counsel in a Title VII case when considering a motion for appointment of counsel in a Fair

Housing Act case).

The Seventh Circuit Court of Appeals has instructed that several factors should be

weighed by the district court when determining whether appointment of counsel is warranted: (1)

whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears

competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672,

675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell

Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of

the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's

financial ability to retain counsel" when considering a motion to appoint counsel under Title VII

(citation omitted)).

"In deciding whether to request counsel, district courts must ask two questions: '(1)

[H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,*

503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the

difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a

layperson to coherently present it to the judge and jury himself." *Id.* at 712 (quoting *Pruitt*, 503

F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff

appears competent to litigate his own claims, given their degree of difficulty, and this includes

the tasks that normally attend litigation: evidence gathering, preparing and responding to

motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## B. *Analysis*

Herber states that he has contacted at least five attorneys, but none have taken his case. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Thus, although Herber has satisfied the threshold element of a request for counsel, at least five attorneys have chosen to pass up the opportunity to represent him. This circumstance speaks rather directly to the merits of Herber's case and raises a fair inference that these attorneys did not view his case as meritorious. *See id.* (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Moving on to the second portion of the inquiry, Herber seems quite capable of litigating his claims himself, at least at this stage of the proceedings. He has already articulated his claims in this suit (DE 1); prepared a report of parties' planning meeting (DE 33); participated in a Rule 16 preliminary pretrial conference (DE 36); sought several extensions of time (DE 27; DE 38); sought various forms of other relief through filing motions (DE 2; DE 3; DE 6; DE 12; DE 25); and objected to Defendants' requested relief (DE 24). Herber's filings have incorporated citations to various trial rules, indicating that he has already performed at least some legal

3

research and is capable of articulating his legal position. (DE 1; DE 2; DE 6; DE 25). In fact, Herber stated at the preliminary pretrial conference that he had already obtained a copy of the Federal Rules of Civil Procedure.

It is evident from Herber's filings and participation in the preliminary pretrial conference that he is articulate, assertive, detailed, and possesses good communication skills, certainly at a sufficient level to proceed pro se. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). At the preliminary pretrial conference, Herber was well prepared, organized, and able to convey a detailed timeline of the events leading up to his filing this case. He described in detail myriad communications that he has had with other individuals and entities regarding his housing concerns. He is not incarcerated and thus has the freedom and ability to perform his own research, explaining that he uses the library for his case research. Many of the facts of this case are within his particular knowledge, so the task of discovery does not appear particularly complex. Although Herber states that he is disabled, at the preliminary pretrial conference he described his disability as one relating to mobility, not intellectual capacity or psychological health.

Considering the foregoing, Herber appears competent to adequately handle the litigation of this case, at least at this stage of the proceedings. *See, e.g.*, *Hicks*, 2015 WL 1608454, at *5-6 (finding that the relevant factors weighed against the appointment of counsel in a Fair Housing Act case); *Anderson v. Herbert*, No. 2:13-cv-211-RJS-BCW, 2014 WL 345398, at *2-3 (finding

that the claimant was well equipped to present his Fair Housing Act case on a pro se basis);

*Clemmons v. Soukup*, No. 95 C 7195, 1996 WL 6538, at *2 (N.D. Ill. Jan. 5, 1996) (concluding

that the plaintiff appeared competent to litigate his Fair Housing Act and other constitutional

claims on a pro se basis). Consequently, Herber's motion asking that the Court appoint counsel

for him will be denied. If his case survives the filing of dispositive motions, the Court will

reconsider recruiting counsel for him upon his further motion. *See Mungiovi v. Chi. Hous. Auth.*,

No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice

is to consider appointment of counsel if and when it appears that the action has sufficient merit

to require complex discovery or an evidentiary hearing." (citation omitted)).

### *C. Conclusion*

For the reasons stated herein, Herber's Motion Requesting Appointment of Counsel (DE

3) is DENIED. Herber is, of course, free to attempt to secure counsel on his own.

SO ORDERED.

Entered this 29th day of November 2016.

/s/Susan Collins
Susan Collins,
United States Magistrate Judge