**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| RICHARD J. HERBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) CAUSE NO.   1:16CV-310-PPS-SLC |
| vs. | ) |
| | ) |
| FORT WAYNE CITY COUNCIL, | ) |
| FORT WAYNE HISTORIC | ) |
| PRESERVATION COMMISSION, CITY | ) |
| OF FORT WAYNE, MICHAEL | ) |
| BARRANDA, THOMAS DIDIER, TOM | ) |
| FREISTROFFER, GLYNN HINES, RUSS | ) |
| JEHL, GEOFF PADDOCK, MIKE | ) |
| ANDERSON, SAM EAGLESON, MAX | ) |
| HALBERSTADT, COLLEEN | ) |
| HUDDLESON, RON ROSS, JERRY | ) |
| VANDEVEER, RACHEL VEDDER, | ) |
| DONALD ORBAN, CREAGER SMITH, | ) |
| SHERESE FORTRIEDE and WELLS | ) |
| FARGO BANK, N.A., AS TRUSTEE | ) |
| FOR WAMU MORTGAGE | ) |
| PASS-THROUGH CERTIFICATES | ) |
| SERIES 2004-PR2 TRUST | ) |
| | ) |
| Defendants, | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO MAGISTRATE JUDGE COLLINS NOTICE AND
ORDER [211] DATED MAY 10, 2018 AND NOTICE AND ORDER [217] DATED MAY
24, 2018**

RICHARD J. HERBER, Plaintiff, *Pro Se* now comes and files my Response to

Magistrate Judge Collins Notice and Order [211] dated May 10, 2018 and Notice and Order

[217] Dated May 24, 2018.  I find that this is the most difficult pleading that I have manuscripted

to date.  I want to inform the Court that I was not aware of the Court dates.  Nor did I blatantly

simply choose not to attend them. On a personal level I have gotten to know Magistrate Judge Collins over the past almost two (2) years and I have the utmost respect for her and I would never intentionally not appear at any of her hearings. I please ask the Court not to dismiss this case. I please ask the Court to please not impose sanctions.[1] This case is extremely important to me and is the highest priority to me. Things have happened that this Court needs to be aware of.

It has also taken me a while to get my thoughts together in order to properly and fully respond to the Order(s). This is because I am very critical of my response as I know it is very important to the Court. I want to start off and say to the Court that I am sincerely sorry and ashamed for missing extremely important court dates. I feel lousy. This case was filed in August 2016 or 1 year 11 months ago. There have been over 217 pleadings filed in this case so far. I wake up every morning and when first opening my eyes this case is the very first thing that I think of. Up until now, I have had a perfect Court attendance record. I have also attended in person at very last minute hearings where I was instructed of a Court date in front of Chief Judge Simon in Hammond, Indiana in March 2017. I choose to drive the six (6) hour roundtrip hearing and attend in person instead of calling in over the telephone as Defendant's counsel had done. That is how important this case is to me. I have diligently researched and manuscripted various pleadings and motions all in compliance with the Federal Rules of Civil Procedure (FRCP) and the Local Rules. At one hearing, in front of Magistrate Judge Collins, defendant's counsel made the remark that, "My pleadings and motions were almost, if not better than, the work of some professional attorneys whom they have known." I was dumbfounded. I am *Pro Se* and have absolutely no professional legal help along the way or any legal training. It is simply the dedication and commitment that I have to this case. Almost all of my legal experience has come

---

[1] I am disabled and living on meager Social Security Disability Insurance (SSDI).

from interlibrary loaning legal books and diligently reading them as fast as I can before they need to be returned.  I had to interlibrary loan them over and over again as it took me a very long time to fully understand all the technical legal issues and cases.  I have found that along the way that I have actually developed a genuine interest in the specific work that the Judges and Clerks do in Federal District Court.  I have become fascinated by the work that they do.  What I have learned about Section 1983 Litigation and Constitutional Law will stay with me the rest of my life.

Despite all this, most of the time I find myself having the same feelings and experiencing the exact same issues and emotions as is described in the Federal Judicial Center's 2016 book titled *Pro Se Case Management for Nonprisoner Civil Litigation*:

> As challenging as it may be for courts to handle pro se litigation, it is even more so for the average pro se litigant. "It's easy to forget what a confusing, intimidating environment court can be for people not familiar with it. The procedures, terms, and norms that have come to seem simple or obvious to legal professionals are anything but that to most other people."[2] As a result, "pro se filers often are confused, frightened, and lacking the confidence to negotiate what is a complicated system,"[3] so that "even pro se litigants who have meritorious claims may not get a decision on the merits because they cannot navigate the often complex procedural rules that govern federal litigation, leading to resentment and frustration."[4] Yet, as the Strategic Plan noted, courts must be comprehensible and open and accessible to all litigants, not just those who have attorneys. "Access to justice" cannot simply mean that litigants have a right to get into court but are then left to struggle once there. "Practically speaking, our job is to provide access to the opportunity for justice.

---

[2] Kelly Tait, *Effective Communication with Self-Represented Litigants*, Case in Point, at 12 (National Judicial College 2011).

[3] *Leveling the Playing Field: Help for Self-Filers*, The Third Branch (Admin. Office of the U.S. Courts, Washington, D.C.), July 2011, at 9 (quoting Judge A. Howard Matz (C.D. Cal.)). *See also* Judge Lois Bloom, *Pro Se Issues*, Phase II Orientation Seminar for U.S. Magistrate Judges (Federal Judicial Center Oct. 21, 2014) [hereinafter Bloom, *Pro Se Issues 2014*] ("Most pro se litigants are scared to death. Most pro se litigants are not the crazy, serial filers that give all the rest of pro se litigants a bad name.").

[4] The Public Counsel Federal Pro Se Clinic, Annual Report: February 2009–February 2010 at 1 [hereinafter Public Counsel Annual Report]. *See also* Judge Lois Bloom, *Relief for Pro Se Headaches*, Panel Discussion at the National Workshop for Magistrate Judges (Federal Judicial Center Apr. 24, 2013) [hereinafter Bloom, *Pro Se Headaches*], *available at* http://fjconline.fjc.dcn/content/relief-pro-se-headaches-april-24-2013 ("the pro se litigant doesn't know which end is up").

### Specific Reasons for Missed Hearings

### Reason #1

I was notified on April 5, 2018 that my appeal to the World Trade Center Health Program was "overturned" and that they were "able to enroll me into the program (Exhibit #1)." As this court knows, I am disabled and have a severe respiratory illness. My workplace was directly across the street from Two (2) World Trade Center and I am now classified as a "WTC Survivor" under Sections 3311 or 3321 of title XXXIII of the Public Health Service Act (the James Zadroga 9/11 Health and Compensation Act) 42 U.S.C. §§300mm-21 or 300mm-31.

I am now at the stage where I can obtain important and critical medical benefits including monitoring and treatment under this unique program. However, I am now required to travel out of the area to get this critical medical treatment. I was traveling and out of town and at the WTC Center Health Program's Survivor Clinical Center of Excellence located at Bellevue Hospital, 462 First Ave., New York, NY during the time of the hearings. I also traveled to Northwestern Memorial Hospital, 251 E. Huron St., Chicago, IL. Because of this lengthy and demanding travel schedule I apparently inadvertently missed the scheduled hearings.

I also want to remind the Court that it is just me. I do not have the resources and staff like the Defendant's counsel all have. They each have a lead attorney and a one (1) or more backup attorney assigned the case. If one of them is out of the office the other automatically backs them up. I do not have anyone. They also have almost unlimited

4

funds in case they need additional staffing.  I am *Pro Se* and do not have the same resources.

The Court argues to the affect that, "The Court needs to manage their caseload." The Court should take into account that by me successfully appealing my denial into the WTC Center Health Program that if now frees up the Court's potential caseload as I would not have to come and file suit in Federal District Court for denial of Federal benefits that I am eligible and qualify for.  The Court needs to take this into account.

Lastly, the Court should be aware that very early on I filed a Motion for Appointment of Attorney in this case.  I was eligible and I qualified.  It was denied. There is a reasonable likelihood that counsel could have aided here and made a difference in the outcome by helping to assist in case management planning.

### Reason #2

I have been successfully managing multiple property tax appeals cases while at the same time managing my case in Federal District Court.  I am required under the terms and conditions of the mortgage agreement to litigate any and all property tax issues. Until recently, these property tax appeals have gotten out of control in terms of workload and preparing for Indiana Board of Tax Review (IBTR) hearings.  It has clearly affected my case and attendance in Federal District Court.

There have been repeated and ongoing hearings concerning property tax appeals that I had filed prior to filing this suit.[5]  There was a hearing in front of the IBTR on April 19, 2018.  These appeals involved manuscripting and filing tedious and multiple pleadings and motions.  Indiana Rules of Trial Procedure (IRTP) are also in effect which

---

[5] It should be noted that there are 158,000 property units in Allen County, Indiana.  On average, 1,500 property owners file appeals.  Only 15 of these appeals ever make it to the IBTR level to be heard.

now make things even more complicated.  There is also an entire Discovery procedure

that is required.  This hearing took place two (2) hours away in Indianapolis.

    Another IBTR hearing took place in Indianapolis on June 26, 2018.  This appeal

was to be originally heard in the April 19, 2018 IBTR hearing.  Apparently, the IBTR

claimed to have not received my appeal.  I was able to show them proof that my appeal

was sent and the hearing for this one (1) appeal was subsequently rescheduled for June

26, 2018.  This involved resubmitting all my pleadings and motions all over again with

new docket number along with going through an entirely new Discovery process.

    Because of all this, it has clearly affected my case and attendance in Federal

District Court.  I had thought of withdrawing the cases as the monetary value should I

win very minimal.  I thought I would be able to manage all my property tax appeals and

my case in Federal District Court.  Furthermore, I had done an enormous amount of work

and invested a lot of time and personal effort into the appeals.  So, I did not want it to all

go to waste.

## Reason #3

    The very first question Chief Judge Simon asked me at the March 2017 hearing was

about the NRHP designation that is on my property.  By that I thought he meant if there were

also any restrictions from the NRHP designation which would prevent me from making

disability related modifications to my house.  At the time, I informed him that NRHP designation

does not prevent the property owner form making modifications to their property.  Since then, I

had done an exorbitant amount of research by interlibrary loaning several books on historic

preservation and the NRHP designation.  It turns out that the NRHP designation is actually a

liability to the property owner.  Even though there are no formal restrictions on modifying a

6

property owner's property, there have been various lawsuits filed against NRHP property owners who wanted to modify their properties. These cases were all dismissed. However, the property owner had to go through the costly and lengthy process of hiring an attorney to respond to the Complaint. I do not want this liability.

During my research I discovered a formal process to remove the designation. This lengthy and tedious process required manuscripting a formal petition and then filing it with the appropriate party. I was recently told that my petition is pending with the National Park Service in Washington D.C.

The time, effort and legal research involved in filing this petition for removal clearly affected my attendance and focus on my case in Federal District Court.

### Reason #4

There has been massive interference and injustice in the case Allen County Assessor v. Richard Herber, 02D03-1803-PL-108, Allen Superior Court. Because of this, I incorrectly gathered that my case in Federal Court had migrated to the Allen Superior Court.

I am a named Defendant in this case. It is over a $200 to $300 issue where the Allen County Assessor is claiming that I breached a settlement agreement.

1.      I was served by the Plaintiff with a Summons and Verified Complaint for Preliminary and Permanent Injunction along with other documents on March 29, 2018.

2.      The court then served me on April 4, 2018, with an Order stating the hearing originally scheduled for April 12, 2018 is moved to April 6, 2018 at 2PM.

3.      On April 4, 2018 I immediately filed Defendant's First Amended Motion for Continuance. This was in part so that I could seek and hire legal counsel as stated in my motion.

On April 6, 2018 at around 10AM I phoned the Allen County Clerk's Office to see if my Motion for Continuance had been Granted. The clerk told me to phone Nick Fisher, Judge Levine's assistant and gave me their telephone number. I immediately phoned Mr. Fisher. During the phone call an extremely angry and irate Judge Levine came onto the line and started yelling at me and shouting Orders demanding, "That I get to Court immediately and that it was an Order" and "How he does not usually have ex parte communication" and threadedly said to me, "That there are people here that want to talk to me." I informed him that I had a live case in Federal District Court with the named Plaintiff (Allen County) and was in the process of filing a Notice of Removal. Still angry he said that he was, "Ordering me to come immediately to the Court and to not stop off anywhere and to leave my cell phone at home so I can immediately make it through security."

I arrived at the Allen County Courthouse at about 11AM as Ordered even though the scheduled hearing was for 2PM. I was met in the lobby by an extremely angry and visibly upset Plaintiff's legal counsel named Mark GiaQuinta (7119-02) and Sara Schreiber (31416-64). I have known these attorneys for over two (2) years as I have battled them in my property tax appeals. It should be noted that I filed a formal complaint against Attorney Schreiber on August 29, 2017 with the Indiana Supreme Court Disciplinary Commission (Exhibit #2). The Commission found grounds to conduct a long formal and extensive investigation over many months of my complaint. Attorney GiaQuinta, who appears to be in his seventies (70's) immediately escorted me into the courtroom.

Judge Levine entered the courtroom. GiaQuinta immediately stood up and angrily shouted to Judge Levine among other things, "That I had told Connor Slocum that his judgment day was coming" and spoke in exact detail about my case in Federal District Court along with

specially mentioning Magistrate Judge Collins name.  I was perplexed.  This confused me as I was a Plaintiff in Federal District Court and now a Defendant in Allen Superior Court arguing pleadings, motions, events and issues all filed in Federal District Court.  It became obvious that GiaQuinta and Schreiber had read every single pleading and motion hat I had filed in Federal District Court.

As the hearing progressed, GiaQuinta's behavior became even more irate and unprofessional by yelling and shouting.  Then, suddenly at one point he and Judge Levine broke out in total laughter.  Almost like an intense scene out of a Saturday Night Live sketch that you would see on TV where the actors break character and burst out in laughter as their roll and character was so funny.  It then dawned on me that there was no court reporter.  I then remembered how I had gone to Christian Legal Services many months ago regarding my case in Federal District Court.  Here I met other defendant's and legal counsel who informed me about the long reputation of injustice in the Allen Superior Court.  One person who I met there specifically had mentioned Judge Levine by name and how this judge had a long and extensive reputation of being corrupt.  The entire day in court was a total joke and improper use of the United States judicial system.

Judge Levine then gave me approximately seven (7) hours to seek and hire legal counsel.  I objected saying that was not enough time.  He went on to say, "He would probably know who my counsel was" and therefore my efforts to defend myself futile.  He also stated that, "It was his money too" making refence that Allen County taxpayer money would used to defend to defend my filed IBTR appeals.  He then Ordered me into an Indiana Board of Tax Review (IBTR) deposition specifically saying that if I did not comply that I would be in contempt.  I object as I had not been served (Exhibit #3) and that it was an IBTR deposition where he did not have

jurisdiction and how I did not even have time to seek legal counsel.  I agreed to do the deposition as I did not want to be in contempt.  Judge Levine made it as if I would be thrown in jail if I had not done the deposition.

The unscheduled deposition took place in a conference room just outside the courtroom. It lasted from about 11AM to about 4PM with no break for lunch.  I was specially asked deposition questions clearly related to my case in Federal District Court which I immediately objected to as they absolutely had no relation to a settlement agreement over a property tax issue. GiaQuinta then brought me before an angry Judge Levine who Ordered me to answer the questions and stating to tell the truth or else I would be in contempt and committing perjury. Some of the questions I was asked were what medications was I on?  The names and locations of who my doctor was?  What date did I become disabled?  Who my past employers were?  Was I an attorney?  Did I have any formal legal training?  Then Judge Levine started asking m his own deposition questions requiring me to specifically answer under oath, "What did I want in my case in Federal District court."  It was clearly obvious that this deposition as being conducted by Defendant's counsel in relation to my case in Federal District Court.

I left the court and deposition on April 6, 2018 at around 4PM.  I was totally disgusted. My thinking and attitude at that point was that the entire United States justice system is totally corrupt including my case in Federal District Court.  I felt that all the legal material that I had taken the time and effort to read and study was a complete joke.  Over the next ensuing weeks and months, I was unsure if I wanted to go on anymore in any litigation in Federal District Court. Furthermore, I all my time now was going to have to be spent defending myself in Allen Superior Court.  The workload alone was simply too much and now I was travelling for medical treatment and monitoring as I was just enrolled in the WTC Health program.

Conclusion

I please ask the Court not to dismiss this case.  I please ask the Court to please not impose

sanctions.  This case is extremely important to me and is the highest priority to me.  Things have

happened that this Court needs to be aware of.

July 23, 2018                                        By _____

                                                    Richard J. Herber
                                                    Plaintiff/Pro Se/Homeowner
                                                    3901 N. Washington Rd.
                                                    Fort Wayne, IN 46804-1817
                                                    Richard_J_Herber@msn.com
                                                    (203) 644-2729 cell


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFF'S RESPONSE TO Magistrate
Judge Collins Notice and Order [211] dated May 10, 2018 and Notice and Order [217] dated
May 24, 2018 was served upon parties below by ecteronic communication, this ___23___
day of ___July___, 2018.

Daniel D. Bobilya (#22901-49)
Conor S. Slocum (#30132-02)
Bonahoom & Bobilya, LLC
927 South Harrison St., Ste. 200
Fort Wayne, IN 46802

Kevin Connor
John F. Rhoades
(Counsel for Wells Fargo Bank, N.A.
as Trustee for WAMU Mortgage
Pass-Through Certificates Series 2004-PR2
Trust)
Dykema Gossett PLLC
10 S. Wacker Dr., Ste. 2300
Chicago, IL 60606

                                        By _____

                                            Richard J. Herber

# Exhibit #1

WTC Health Program
PO Box 7002
Rensselaer, NY 12144



Richard Herber
3901 N. Washington Rd.
Fort Wayne, IN 46804

**RE:** ▮▮▮▮▮▮▮                                                      April 5, 2018

Dear Mr. Herber:

On March 29, 2018, the World Trade Center (WTC) Health Program received a letter from you requesting to appeal your denial of enrollment into the WTC Health Program. This letter is to notify you that the WTC Health Program has administratively closed your appeal for the following reason:

Based on information provided within your appeal letter, the WTC Health Program was able to <u>overturn</u> your original enrollment denial and <u>enroll you into the Program.</u> Based on your enrollment into the WTC Health Program, the appeal of your initial enrollment denial is no longer necessary. You will be receiving additional information regarding your enrollment under separate cover.

If you have additional questions about your appeal request, please contact 1-888-982-4748, Monday through Friday, 9 AM to 5 PM (Eastern Time Zone). You can also send a written inquiry to me at <u>WTC@cdc.gov</u>.

Sincerely,

Katie M. Howard
Appeal Coordinator
WTC Health Program

Exhibit #2

## REQUEST FOR INVESTIGATION

Richard J. Herber
_____
Your Name (Please type or print in ink)

3901 N. Washington Rd.
_____
Address

Fort Wayne, IN 46804-1817
_____
City/State/Zip

( 203 )644-2729
_____
Telephone

*Return to:*

**Indiana Supreme Court Disciplinary Commission**
**30 South Meridian Street, Suite 850**
**Indianapolis, IN 46204-3520**
**Phone (317) 232-1807**
**TDD for Deaf (317) 233-6111**

I wish to submit the following Request for Investigation and information concerning the following attorney:

Attorney's Name Sarah Lorraine Schreiber (31416-64)

Attorney's Address Haller & Colvin, P.C., 444 E. Main St., Fort Wayne, IN 46802

Date Employed_____Purpose for Employing Attorney for Respondent

Cause Number of Case Various in front of IBTR_____Court Indiana Board of Tax Review

Agreed Attorney's Fee_____Total Fees Paid_____

Nature of complaint against the attorney (use additional pages if necessary; <u>do not write on the back</u>). Please be specific as to dates, names, and events. Include copies (not originals) of documents that support your complaint:
I am a Petitioner, Pro Se, who appealed their property tax assessment(s) on my home. The formal procedure is to file an appeal as required by state law to the county Property Tax Assessment Board of Appeals(PTABOA). A property owner can then further appeal their decision to the Indiana Board of Tax Review(IBTR). Once it reaches the IBTR level, Indiana Rules of Trial Procedure(IRTP) kick in. I appealed my property taxes and my appeal(s) moved onto the IBTR stage.

During this process, I filed a Motion for Summary Judgment with the IBTR as per IRTP allow. During this period, on October 11, 2016, I set up "settlement" meetings with Tera Klutz, Allen County Auditor and Crystal Jones, Property Tax Manager. The entire purpose of the meeting was settlement discussions on all of my appeals. No settlement was reached during this meeting.

On November 23, 2016 Attorney Schreiber filed a Respondent's Response in Opposition to Petitioner's Amended Motion for Summary Judgment and Cross Motion for Summary Judgment. It contained 2 affidavits. One by Tera Klutz, Allen County Auditor. The other by Crystal Jones, Property Tax Manager. Both affidavits reference key information on the settlement discussion meeting that took place on October 11, 2016. The affidavits cited settlement discussion information and it was used against me as evidence in the affidavit(s). On December 21, 2017 the IBTR submitted an Order Denying Cross-Motions for Summary Judgment stating IBTR "denies all pending Motions for Summary Judgment."

It is common knowledge that settlement discussion and settlement information are clearly not admissible as evidence. Attorney Schreiber is a professional licensed experienced attorney and she is well aware of how settlement discussion information is not admissible as evidence. Including incorporating it in affidavits. Furthermore, as this case progressed, I received several pieces of settlement proposal correspondence from her all bearing writing "FOR SETTLMENT PUPORSES ONLY" and "NOT ADMISSIBLE." However, when it comes to her own interests she acts unethical. As I homeowner who has the right to appeal their property taxes Pro Se, I find it impossible, unfair and an uneven playing field. The average home value in Fort Wayne is a modest $100,000. Most of the people in Fort Wayne are working class blue collar such as truck drivers, firemen, hairdressers, etc. Being unethical and and knowingly and intentionally breaking trial rules is common for this attorney. I please ask that the Disciplinary Commission take action so that 160,000 Allen County property taxpayers do not encounter the same issue and incur damages with this unethical attorney that I have uncounted.

In filing this Request for Investigation, I understand that the attorney will receive a copy; that I am immune from civil suit for statements I make to the Commission; and that nothing herein limits me from consulting with an attorney about my legal rights. I agree to cooperate with the Commission and to testify at any hearing that may be held.
**VERIFICATION**
I swear or affirm, under the penalties for perjury, that the foregoing statements are true.

_____          8/29/2017
Signature (only original signatures accepted)          Date

_____
Date Filed (Office use only)                              (version 4.12.10)

## REQUEST FOR INVESTIGATION

Richard J. Herber
Your Name (Please type or print in ink)

3901 N. Washington Rd.
Address

Fort Wayne, IN 46804-1817
City/State/Zip

( 203 )644-2729
Telephone

*Return to:*

**Indiana Supreme Court Disciplinary Commission**
30 South Meridian Street, Suite 850
Indianapolis, IN 46204-3520
Phone (317) 232-1807
TDD for Deaf (317) 233-6111

I wish to submit the following Request for Investigation and information concerning the following attorney:

Attorney's Name Mark Eugene GiaQuinta (7119-02)

Attorney's Address Haller & Colvin, P.C., 444 E. Main St., Fort Wayne, IN 46802

Date Employed_____ Purpose for Employing Attorney for Respondent

Cause Number of Case Various in front of IBTR_____ Court Indiana Board of Tax Review

Agreed Attorney's Fee_____ Total Fees Paid_____

**Nature of complaint against the attorney (use additional pages if necessary; <u>do not write on the back</u>). Please be specific as to dates, names, and events. Include copies (not originals) of documents that support your complaint:**
I am a Petitioner, Pro Se, who appealed their property tax assessment(s) on my home. The formal procedure is to file an appeal as required by state law to the county Property Tax Assessment Board of Appeals(PTABOA). A property owner can then further appeal their decision to the Indiana Board of Tax Review(IBTR). Once it reaches the IBTR level, Indiana Rules of Trial Procedure(IRTP) kick in. I appealed my property taxes and my appeal(s) moved onto the IBTR stage.

During this process, I filed a Motion for Summary Judgment with the IBTR as per IRTP allow. During this period, on October 11, 2016, I set up "settlement" meetings with Tera Klutz, Allen County Auditor and Crystal Jones, Property Tax Manager. The entire purpose of the meeting was settlement discussions on all of my appeals. No settlement was reached during this meeting.

On November 23, 2016 Attorney GiaQuinta filed a Respondent's Response in Opposition to Petitioner's Amended Motion for Summary Judgment and Cross Motion for Summary Judgment. It contained 2 affidavits. One by Tera Klutz, Allen County Auditor. The other by Crystal Jones, Property Tax Manager. Both affidavits reference key information on the settlement discussion meeting that took place on October 11, 2016. The affidavits cited settlement discussion information and it was used against me as evidence in the affidavit(s). On December 21, 2017 the IBTR submitted an Order Denying Cross-Motions for Summary Judgment stating IBTR "denies all pending Motions for Summary Judgment."

It is common knowledge that settlement discussion and settlement information are clearly not admissible as evidence. Attorney GiaQuinta is a professional licensed experienced attorney and he is well aware of how settlement discussion information is not admissible as evidence. Including incorporating it in affidavits. Furthermore, as this case progressed, I received several pieces of settlement proposal correspondence from him all bearing writing "FOR SETTLMENT PUPORSES ONLY" and "NOT ADMISSIBLE." However, when it comes to his own interests he acts unethical. As I homeowner who has the right to appeal their property taxes Pro Se, I find it impossible, unfair and an uneven playing field. The average home value in Fort Wayne is a modest $100,000. Most of the people in Fort Wayne are working class blue collar such as truck drivers, firemen, hairdressers, etc. Being unethical and knowingly and intentionally breaking trial rules is common for this attorney. I please ask that the Disciplinary Commission take action so that 160,000 Allen County property taxpayers do not encounter the same issue and incur damages with this unethical attorney that I have uncounted.

In filing this Request for Investigation, I understand that the attorney will receive a copy; that I am immune from civil suit for statements I make to the Commission; and that nothing herein limits me from consulting with an attorney about my legal rights. I agree to cooperate with the Commission and to testify at any hearing that may be held.
VERIFICATION
I swear or affirm, under the penalties for perjury, that the foregoing statements are true.

_____
Signature (only original signatures accepted)

8/29/2017
_____
Date

_____
Date Filed (Office use only)                    (version 4.12.10)

# Exhibit #3

CIRCUIT AND SUPERIOR COURTS
38TH JUDICIAL CIRCUIT
ALLEN COUNTY, INDIANA

| | | |
|---|---|---|
| ALLEN COUNTY ASSESSOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CAUSE NO.  02D03-180303-PL-000108 |
| RICHARD HERBER | ) | |
| | ) | |
| Defendants, | ) | |

<u>DEFENDANT'S MOTION TO STRIKE APRIL 6, 2018 DEPOSITION</u>

RICHARD J. HERBER, Defendant, *Pro Se* and homeowner now comes and files Defendant's Motion to Strike April 6, 2018 Deposition.

I was served by the plaintiff with a Summons and Verified Complaint for Preliminary and Permanent Injunction along with other documents on March 29, 2018.

1. The court then served me April 4, 2018, with an Order stating the hearing originally scheduled for April 12, 2018 is now suddenly moved to April 6, 2018.

2. I was then served with plaintiff's State of Indiana, Indiana Board of Tax Review (IBTR), Notice to Take Depositions per 52 IAC 2-8-3(h) and dated April 2, 2018 (<u>Exhibit #1</u>). I received this in the USPS Mail on Friday, April 6, 2018.[1]

3. I was then served with plaintiff's State of Indiana, Indiana Board of Tax Review (IBTR), Amended Notice to Take Depositions per 52 IAC 2-8-3(h) dated April 5, 2018 (<u>Exhibit #2</u>). I received this in the USPS Mail on Saturday, April 7, 2018.

---

[1] It should be noted that I have intermittent email access. There is a automatic tag line specifically stating that I have intermittent email access for years now with all communication with the plaintiff. I also made Judge Levine aware of this in the April 6, hearing.

1

4.  I had filed an Amended Motion for Continuance on April 4, 2018 specifically mentioning I needed to seek legal counsel before moving forward in the case.  This included retaining counsel for depositions.  Judge Levine gave me until April 10, 2018 to seek counsel.

5.  At the court hearing with Judge Levine on Friday, April 6, 2018 he firmly ORDERED me to do Indiana Board of Tax Review (IBTR) depositions that very day.   Depositions took place on Friday, April 6, 2018 from about 11am to about 4pm.  With many individual hearings in front of Judge Levine on questions that I objected to.  Upon the start of the deposition I had asked plaintiff attorney GiaQuinta, "Was this deposition for the IBTR or for the court?"  His exact response was, "IBTR or court...whatever."

6.  This court does not have power to ORDER or COMPEL Indiana Board of Tax Review depositions.  That power is specifically reserved and governed exclusively by the Indiana Board of Tax Review.

7.  The IBTR is an agency of the Indiana state government, created and existing by virtue of the laws of the State of Indiana, and is empowered by the state to act through its officials per Indiana Code 6-1.5-2 *et seq*.

8.  Jurisdiction of the IBTR is per 52 IAC 2-1-3 *et seq*.

9.  The IBTR allows discovery per 52 IAC 2-8-3 *et seq*.  This includes Depositions 52 IAC 2-8-3(h) and Discovery Orders per 52 IAC 2-8-3(c).  The IBTR has Administrative Law Judges assigned to IBTR hearings and associated petitions.   Administrative Law Judge Howell is assigned to these petitions and upcoming April 19, 2018 hearing (Exhibit #3).

10. The use of applicable discovery methods contained in the Indiana Rules of Trial procedure are to be used  per 52 IAC 2-8-3(a)(2).

2

11. Plaintiff did not give reasonable notice as required of scheduled deposition. Amended Deposition Notice was served April 5, 2018 and received in the USPS by me April 7, 2018. The court then unlawfully ordered the IBTR deposition to take place April 6, 2018. IRTP Rule 30(B)(1) states:

> A party desiring to take the deposition of any person upon oral examination shall give **reasonable notice** in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced thereunder shall be attached to or included in the notice.

Plaintiff failed to provide "reasonable notice" of Depositions as required.

12. If this was a court deposition, a Notice of Deposition would have been filed with the court clerk. There is no such notice filed. Furthermore, I was just served the Summons and Complaint March 29, 2018, which is eight (8) days prior to the April 6, 2018 deposition. According to IRTP Rule 30(A), "expiration of twenty [20] days after service of summons and complaint upon any defendant":

> **When depositions may be taken.** After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of twenty [20] days after service of summons and complaint upon any defendant except that leave is not required:

13. If this were a court deposition all discovery would be required to be filed by a pro se party. Yet, the court order is that I am to give requested deposition documents directly to the plaintiff. How is the court able to make a determination if the settlement agreement is enforceable without seeing filed documents?

3

14. The IBTR is aware of the plaintiff's Injunction and is keenly watching. The IBTR has stated in their Order that all appeals will be heard.

15. I have pending action in Federal District Court, Northern District of Indiana 1:16cv310PPS-SLC. I have filed a Notice of Related Action as required. I have also filed a copy of plaintiff injunction. They are keenly aware and watching this case.

I now come and please ask the court to please strike entire April 6, 2018 court ordered deposition. The court failed to have power and jurisdiction in ordering an Indiana Board of Tax Review (IBTR) deposition and to also decide and rule on any Indiana Board of Tax Review (IBTR) deposition objection questions.

April 9, 2018                              By _____

Richard J. Herber
Defendant/*Pro Se*/Homeowner
3901 N. Washington Rd.
Fort Wayne, IN 46804-1817
Richard_J_Herber@msn.com
(203) 644-2729 cell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION TO STRIKE APRIL 6, 2018 DEPOSITION served upon parties below by electronic communication, this _____9_____ day of ___APRIL___, 2018.

By _____
Richard J. Herber

Haller & Colvin
444 E. Main St.
Fort Wayne, IN 46802
(260) 426-0444

4

# Exhibit #1

### STATE OF INDIANA
### INDIANA BOARD OF TAX REVIEW

| | | |
|---|---|---|
| RICHARD J. HERBER, | Petition: | 02-074-09-3-4-00526-17 |
| | | 02-074-10-3-4-00525-17 |
| PETITIONER | | 02-074-11-3-4-00524-17 |
| | | 02-074-12-3-4-00522-17 |
| VS. | | 02-074-13-3-4-00523-17 |
| | | 02-074-13-3-4-02009-17 |
| ALLEN COUNTY ASSESSOR, | | 02-074-14-3-4-02010-17 |
| | | 02-074-15-3-4-02011-17 |
| RESPONDENT | | 02-074-16-3-4-02012-17 |
| | | 02-074-17-3-4-02013-17 |

Parcel:  02-12-08-279-013.000-074

County:  Allen

### NOTICE TO TAKE DEPOSITION

To:   Richard J. Herber
      3901 North Washington Road
      Fort Wayne, Indiana 46804-1817

Please take notice that on Friday, April 6, 2018, at 10:00 a.m., the Respondent, by counsel, will take the deposition of Richard Herber at the offices of Haller & Colvin, P.C. located at 444 East Main Street, Fort Wayne, Indiana, pursuant to the Indiana Administrative Code and the Indiana Trial Rules before an officer authorized by law to administer oaths. The oral examination will continue until completed. As a courtesy to all, please silence all cell phones and pagers.

11859/080/00754300-1 CT

Respectfully submitted,

**HALLER & COLVIN, P.C.**
**ATTORNEYS FOR RESPONDENT**
**444 EAST MAIN STREET**
**FORT WAYNE, INDIANA 46802**
**TELEPHONE: (260) 426-0444**
**FAX: (260) 422-0274**
**EMAIL:** mgiaquinta@hallercolvin.com
**EMAIL:** sschreiber@hallercolvin.com

BY:  /s/ Mark E. GiaQuinta
**MARK E. GiaQUINTA**
**I.D. #7119-02**
**SARAH L. SCHREIBER**
**I.D. #31416-64**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the above and foregoing Allen County Assessor's Notice to Take Deposition has been sent by electronic mail and U.S. Mail, postage prepaid, this 2nd day of April, 2018, to:

Richard J. Herber
3901 North Washington Road
Fort Wayne, Indiana 46804-1817

Richard_J_Herber@msn.com

/s/ Mark E. GiaQuinta
**MARK E. GIAQUINTA**

# Exhibit #2

**STATE OF INDIANA**
**INDIANA BOARD OF TAX REVIEW**

| | | |
|---|---|---|
| RICHARD J. HERBER, | Petition: | 02-074-09-3-4-00526-17 |
| | | 02-074-10-3-4-00525-17 |
| PETITIONER | | 02-074-11-3-4-00524-17 |
| | | 02-074-12-3-4-00522-17 |
| VS. | | 02-074-13-3-4-00523-17 |
| | | 02-074-13-3-4-02009-17 |
| ALLEN COUNTY ASSESSOR, | | 02-074-14-3-4-02010-17 |
| | | 02-074-15-3-4-02011-17 |
| RESPONDENT | | 02-074-16-3-4-02012-17 |
| | | 02-074-17-3-4-02013-17 |

| | |
|---|---|
| Parcel: | 02-12-08-279-013.000-074 |
| County: | Allen |

## AMENDED NOTICE TO TAKE DEPOSITION

To:   Richard J. Herber
      3901 North Washington Road
      Fort Wayne, Indiana 46804

Please take notice that on Friday, April 6, 2018, at 10:00 a.m., the Respondent, by counsel, will take the deposition of Richard Herber at the Allen County Courthouse, Jury Room 107, 715 South Calhoun Street, Fort Wayne, Indiana 46802, pursuant to the Indiana Administrative Code and the Indiana Trial Rules before an officer authorized by law to administer oaths. The oral examination will continue until completed. As a courtesy to all, please silence all cell phones.

Respectfully submitted,

HALLER & COLVIN, P.C.
ATTORNEYS FOR RESPONDENT
444 EAST MAIN STREET
FORT WAYNE, INDIANA 46802
TELEPHONE: (260) 426-0444
FAX: (260) 422-0274
EMAIL: mgiaquinta@hallercolvin.com
EMAIL: sschreiber@hallercolvin.com


BY: /s/ Mark E. GiaQuinta
    MARK E. GiaQUINTA
    I.D. #7119-02
    SARAH L. SCHREIBER
    I.D. #31416-64

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the above and foregoing Amended Notice to Take Deposition has been sent by electronic mail and U.S. Mail, postage prepaid, this 5th day of April, 2018, to:

Richard J. Herber
3901 North Washington Road
Fort Wayne, Indiana 46804

Richard_J_Herber@msn.com


/s/ Mark E. GiaQuinta
MARK E. GIAQUINTA

# Exhibit #3

# BEFORE THE
# INDIANA BOARD OF TAX REVIEW

| | | | |
|---|---|---|---|
| Richard J. Herber, | ) | Petition: | 02-074-09-3-4-00526-17 |
| | ) | | 02-074-10-3-4-00525-17 |
| Petitioner, | ) | | 02-074-11-3-4-00524-17 |
| | ) | | 02-074-12-3-4-00522-17 |
| | ) | | 02-074-13-3-4-00523-17 |
| | ) | | 02-074-13-3-4-02009-17 |
| v. | ) | | 02-074-14-3-4-02010-17 |
| | ) | | 02-074-15-3-4-02011-17 |
| | ) | | 02-074-16-3-4-02012-17 |
| | ) | | 02-074-17-3-4-02013-17 |
| | ) | | |
| Allen County Assessor, | ) | Parcel: | 02-12-08-279-013.000-074 |
| | ) | | |
| Respondent. | ) | County: | Allen |

## ORDER SETTING HEARING

The Petitioner has filed the above captioned appeals with the Indiana Board of Tax Review. The
Assessor filed a Motion to Dismiss the appeals for the 2009 to 2012 assessment years, as well as
Petition # 02-074-13-3-4-00523-17 for the 2013 assessment year. The Petitioner has filed
responses. Those Petitions, as well as the other above captioned Petitions, are now set for
Hearing at 10:00 a.m. on April 19, 2018, at the Indiana Board of Tax Review offices at 100
North Senate Avenue, Room N-1026, Indianapolis, Indiana, 46204. At the hearing, the parties
① may make additional arguments regarding the Motion to Dismiss, but should also address the
② merits of the claims for all Petitions under appeal.

Dated: _March 2, 2018_

Senior Administrative Law Judge, Indiana Board of Tax Review

52 INC 2-7-1(b)
#53.5/mile × 121 × 2 = $129.47

−15 BUS DAYS = 3/29/18

−5 BUS DAYS = 4/12/18

**Distribution:**

Richard Herber
3901 N. Washington Rd.
Ft. Wayne, IN, 46804

Mark E. GiaQuinta
Sarah L. Schreiber
Attorneys for Allen County Assessor
444 East Main Street
Ft. Wayne, Indiana, 46802

# BEFORE THE
# INDIANA BOARD OF TAX REVIEW

| | | | |
|---|---|---|---|
| Richard J. Herber, | ) | Petition: | 02-074-09-3-4-00526-17 |
| | ) | | 02-074-10-3-4-00525-17 |
| Petitioner, | ) | | 02-074-11-3-4-00524-17 |
| | ) | | 02-074-12-3-4-00522-17 |
| | ) | | 02-074-13-3-4-00523-17 |
| | ) | | 02-074-13-3-4-02009-17 |
| v. | ) | | 02-074-14-3-4-02010-17 |
| | ) | | 02-074-15-3-4-02011-17 |
| | ) | | 02-074-16-3-4-02012-17 |
| | ) | | 02-074-17-3-4-02013-17 |
| | ) | | |
| Allen County Assessor, | ) | Parcel: | 02-12-08-279-013.000-074 |
| | ) | | |
| Respondent. | ) | County: | Allen |

## CASE MANAGEMENT ORDER

The parties are ordered to make all future filings and evidence exchanges by electronic or regular mail.

In response to the Assessor's email communication, the Board notes that it's July 7, 2017 order that directed the Assessor to seek relief elsewhere was solely related to the Assessor's request for attorney's fees. The Board also notes that the order did not address the above captioned cases.

The April 19, 2018, hearing will proceed as scheduled. At the hearing, the parties may make any additional arguments they wish to make regarding the pending dispositive motions. The parties may also make any additional dispositive motions they feel are appropriate. Finally, the parties should be prepared to address the merits of the claims. This hearing will cover all pending issues.

The litigation up to this point has been extremely contentious. At the hearing, the Board expects both parties to behave with civility. The parties should review 52 IAC 2-10-2(a)(2) and 52 IAC 2-10-2(a)(3) and conduct themselves accordingly.

Dated: March 29, 2018

Chairman, Indiana Board of Tax Review

Commissioner, Indiana Board of Tax Review

Commissioner, Indiana Board of Tax Review

**Distribution:**

Richard Herber
3901 N. Washington Rd.
Ft. Wayne, IN, 46804

Mark E. GiaQuinta
Sarah L. Schreiber
Attorneys for Allen County Assessor
444 East Main Street
Ft. Wayne, Indiana, 46802