## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| **RICHARD J. HERBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00310-PPS-SLC |
| ) | |
| **FORT WAYNE CITY COUNCIL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Before the Court is a motion to amend complaint (DE 233) filed by Plaintiff Richard Herber, via counsel, on November 13, 2018, seeking leave of Court to file a third amended complaint (DE 233-1) to clarify his factual allegations and legal claims, and to reflect that Wells Fargo Bank, N.A., is no longer a defendant in this case. Defendants filed a response in opposition to Plaintiff's motion on December 7, 2018, asserting that the motion is untimely, lacks good cause, and simply restates the factual allegations and legal claims, and if allowed, would result in prejudice to Defendants. (DE 236). On December 13, 2018, Plaintiff filed a reply brief (DE 237), and therefore, the motion is now ripe for ruling. For the following reasons, Plaintiff's motion to amend will be granted.

To begin, contrary to Defendants' assertion, Plaintiff's motion is timely filed in accordance with the Court's ruling on September 27, 2018. (DE 232). To review, this Court appointed counsel for Plaintiff on July 24, 2018, and administratively terminated Plaintiff's pending *pro se* motions (including a motion to amend (DE 164)), subject to Plaintiff's counsel restating the motions after meeting and conferring with Defendants' counsel. (DE 224). At a status conference on September 27, 2018, the Court granted Plaintiff 45 days to file via counsel a

motion to amend his complaint, resulting in a deadline of November 11, 2018, a Sunday. (DE 232).

Plaintiff filed the instant motion to amend on Tuesday, November 13, 2018. (DE 233). Defendants argue that this was one day late and that Plaintiff's motion should be summarily denied on this basis. (DE 236 ¶ 20). But as Plaintiff points out in his reply brief, November 12, 2018, was a legal holiday (Veterans Day), and therefore, Plaintiff had through November 13, 2018, to timely file his motion to amend. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that if the last day of the period is a Saturday, Sunday, or legal holiday, then "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). As such, Plaintiff's motion to amend is timely filed, making Defendants' untimeliness argument unsuccessful.[1]

Next, Defendants argue that the proposed third amended complaint contains merely restated factual allegations, leaving the legal claims essentially unchanged. As such, Defendants contend that allowing the amended complaint will needlessly delay the case and increase their legal costs, which will be "extremely prejudicial" to them. (DE 236 ¶¶ 27, 30). While the Court acknowledges that this case was filed in 2016 and has become somewhat protracted, allowing Plaintiff to file an amended complaint with the assistance of counsel will help to focus these proceedings going forward. Discovery is still open, and no dispositive motion deadline has yet been set. Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

---

[1] Defendants further argue that Plaintiff has not shown good cause for the untimely filing. In doing so, Defendants catalogue Plaintiff's various missed deadlines when proceeding *pro se*, asserting that Plaintiff has not acted with due diligence. Because Plaintiff's motion was timely filed, the Court need not reach Defendants' argument about a lack of good cause. In any event, Defendants' reliance on Plaintiff's *pro se* actions to challenge good case are not particularly relevant to the instant motion, which had a deadline set after Plaintiff was appointed counsel.

Any prejudice to Defendants by allowing the amended complaint is minimal and is outweighed by the interests in justice served by furthering resolution of this case on the merits. *See Staren v. Am. Nat'l Bank*, 529 F.2d 1257, 1263 (7th Cir. 1976) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits . . . .").

Therefore, because Plaintiff's motion to amend is timely filed, and because any resulting prejudice to Defendants is minimal and is outweighed by the interests of justice in allowing the amendment, Plaintiff's motion to amend (DE 233) is GRANTED. The Clerk is DIRECTED to show Plaintiff's third amended complaint (DE 233-1) as filed.

SO ORDERED.

Entered this 13th day of December 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge